**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1948-15T3

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

DONALD D. COLLUCCI, JR.,

    Defendant,

and

VERONICA COLLUCCI,

    Defendant-Appellant.

_____

              Submitted June 8, 2017 — Decided July 11, 2017

              Before Judges O'Connor and Whipple.

              On appeal from Superior Court of New Jersey,
              Chancery Division, Union County, Docket No.
              F-16527-13.

              Franzblau Dratch, attorneys for appellant
              (Julian Wilsey and S.M. Chris Franzblau, of
              counsel and on the briefs; Noah Franzblau, on
              the briefs).

              Reed Smith L.L.P., attorneys for respondent
              (Henry F. Reichner, of counsel and on the
              brief).

PER CURIAM

Defendant Veronica Collucci appeals from Chancery Division orders entered January 9, and August 3, 2015. We affirm.

On or about November 5, 2009, defendant Donald Collucci, Jr., executed a promissory note in favor of plaintiff, Wells Fargo Bank, N.A., in the amount of $561,952; his wife, Veronica, did not sign the note.[1] The note was secured by a mortgage, also dated November 5, 2009, on the marital home. Both defendants signed the mortgage.

In 2010, defendants separated and a final judgment of divorce was entered in 2013. Following the divorce, Veronica continued to reside in the marital home. Unbeknownst to Veronica, Donald stopped paying the required monthly payments on the note, beginning in January 2011. The note subsequently went into default. Plaintiff sent Donald a Notice of Intent to Foreclose (NOI) on March 6, 2011, to the marital residence. Plaintiff did not send the NOI to Veronica, personally, or copy her on the NOIs sent to Donald. On May 16, 2013, plaintiff filed a complaint for foreclosure. Veronica filed an answer on August 15, 2013.

Plaintiff moved for summary judgement on October 16, 2014. Veronica opposed the motion and cross-moved, pursuant to Rule

---

[1] We refer to defendants by their first names in order to avoid any confusion.

4:46-2, to dismiss the complaint arguing she had not been served with any notice of foreclosure, as required by N.J.S.A. 2A:50-56 of the Fair Foreclosure Act, N.J.S.A. 2A:50-52 to -68.

The Chancery Division judge granted plaintiff's motion for summary judgement on January 9, 2015, finding plaintiff had satisfied the requirements of the Fair Foreclosure Act by only sending notice to Donald as Veronica had not signed the note and was not required to receive notice of intent to foreclose. The Chancery Division judge issued a final judgement of foreclosure on August 3, 2015. This appeal followed.

On appeal, Veronica argues the Chancery Division judge erred in determining plaintiff satisfied the notice requirements of the Fair Foreclosure Act by serving only Donald, warranting the reversal of the final judgement of foreclosure. We disagree and affirm.

Here, the Chancery Part judge focused on whether Veronica, as a non-debtor mortgagor, was required to receive a NOI and, after considering the language of N.J.S.A. 2A:50-56, rejected her argument.

The facts are not contested. We consider whether a lender has an obligation under N.J.S.A. 2A:50-56 to send a NOI to a mortgagor who is not a signatory to the note. Since that is a question of statutory interpretation, we consider the matter de

novo. In re Liquidation of Integrity Ins. Co., 193 N.J. 86, 94 (2007).

"The Legislature adopted the Fair Foreclosure Act to give homeowners 'every opportunity to pay their home mortgages, and thus keep their homes' and to benefit lenders by allowing 'residential mortgage debtors [to] cure their defaults and return defaulted residential mortgage loans to performing status.'" Bank of N.Y. v. Laks, 422 N.J. Super. 201, 206 (App. Div. 2011) (alteration in original) (quoting N.J.S.A. 2A:50-54), rev'd on other grounds, U.S. Bank Nat'l. Ass'n v. Guillaume, 209 N.J. 449 (2012). The Fair Foreclosure Act requires the lender, upon default on the mortgage, to send notice of its intention to foreclose at least thirty days prior to the lender accelerating the mortgage obligation or commencing any foreclosure action. N.J.S.A. 2A:50-56(a). The lender's statutory obligation to provide notice of its intention to foreclose is "independent of any other duty to give notice." Laks, supra, 422 N.J. Super. at 206 (quoting N.J.S.A. 2A:50-56(e)).

N.J.S.A. 2A:50-55 defines "residential mortgage debtor" or "debtor" as "any person shown on the record of the residential mortgage lender as being obligated to pay the obligation secured by the residential mortgage." As noted above, only Donald signed the promissory note, not Veronica. Veronica was a mortgagor, but

not a debtor and the record does not expose any obligation on her part to pay the note. Therefore, plaintiff did not have a statutory obligation to send her a NOI. We previously rejected the same premise urged by Veronica in Laks, supra, 422 N.J. Super. at 205 n.4. We see no reason to revisit our previous determination.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION